UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,
    PLAINTIFF,

v.

HEART'S DESIRE, LLC
    DEFENDANT.

CIVIL ACTION
NO. 2:17-CV-9390

**COMPLAINT WITH JURY DEMAND**

NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to John Doe (a pseudonym). As alleged with greater particularity below, Defendant, Heart's Desire, LLC, terminated John Doe because he has the human immunodeficiency virus.

JURISDICTION & VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§ 2000e-5(f)(1) and (3) and the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed in the State of Louisiana and, therefore, within the jurisdiction and venue of the United States District Court for the Eastern District of Louisiana pursuant to Title VII, 42 U.S.C.§ 2000e-5(f)(3).

1

PARTIES

3. Plaintiff, the U.S. Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant, Heart's Desire, LLC ("Defendant"), has continuously been a Louisiana limited liability company doing business in the State of Louisiana and the City of Monroe, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under the ADA, 42 U.S.C.§§ 12111(5) and (7).

6. At all relevant times, Defendant has been a covered entity under the ADA, 42 U.S.C. § 12111(2).

ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, John Doe filed EEOC Charge No. 461-2014-01619 with the Commission alleging violations of the ADA by Defendant.

8. On June 22, 2017, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant violated the ADA and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. The Commission and Defendant engaged in informal methods of conciliation to endeavor to eliminate the unlawful employment practices identified in the Letter of Determination and provide appropriate relief.

10. On September 19, 2017, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from it a conciliation agreement acceptable to the Commission.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

STATEMENT OF CLAIMS

12. Since at least January 30, 2014, Defendant has engaged in unlawful employment practices, in violation of the ADA, 42 U.S.C. § 12112(b)(1).

13. John Doe is a qualified individual with a disability under the ADA, 42 U.S.C. §§ 12102 and 12111(8).

14. John Doe has an impairment, the human immunodeficiency virus ("HIV"), that substantially limits one or more major life activities, including the operation of the functions of the immune system.

15. Defendant regarded John Doe as having a disability by subjecting him to an adverse employment action when it terminated him because of an actual or perceived impairment, HIV.

16. At all times relevant, John Doe was able to perform the essential functions of his position, either with or without reasonable accommodation.

17. Defendant terminated John Doe because of his HIV.

    A. Defendant hired John Doe as a direct care worker on or about September 23, 2013.

    B. On January 30, 2014, John Doe took a drug screen administered by Defendant.

    C. The drug screen's results indicated that John Doe might be using drugs illegally.

D. The drug screen's instructions state that its results are inconclusive when the results indicate a "positive."

E. The drug screen's instructions state that its results must be confirmed by a laboratory drug test when the results indicate a "positive."

F. John Doe informed Defendant that he had HIV.

G. John Doe also informed Defendant that he was taking a prescribed medication that might have interfered with the drug screen's results and falsely indicated a "positive."

H. On January 30, 2014, John Doe took a laboratory drug test administered by his doctor.

I. The laboratory drug test's results indicated that John Doe was not using drugs illegally.

J. The laboratory drug test's results were conclusive.

K. On January 30, 2014, John Doe's doctor sent Defendant a facsimile (fax) of the laboratory drug test's results with a letter stating that John Doe was taking a prescribed medication that might have interfered with the drug screen's results.

L. On January 30, 2014, Defendant terminated John Doe.

M. Defendant's stated reason for terminating John Doe was that he was using drugs illegally.

N. Defendant's stated reason for terminating John Doe is a pretext for its actual reason—that is, his disability.

O. Defendant's actual reason for terminating John Doe was his HIV.

18. The effect of the practices complained of above has been to deprive John Doe of equal employment opportunities and otherwise adversely affect his status as an employee, because of his disability.

19. The unlawful employment practices complained of above were intentional.

20. The Defendant acted with malice and reckless indifference to the federally protected rights of John Doe when it engaged in the unlawful employment practices complained of above.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant LLC, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against its applicants or employees on the basis of disability.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole John Doe, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited reinstatement.

D. Order Defendant to post and keep posted the notices required by the ADA, 42 U.S.C. § 12115, which incorporates by reference Title VII, 42 U.S.C. § 2000e-10(a).

      E.      Order Defendant to make and preserve all records relevant to the determination of whether unlawful employment practices have been or are being committed, in accordance with the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Title VII, 42 U.S.C. § 2000e-8(c).

      F.      Order Defendant to make whole John Doe by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including job-search and medical expenses, in amounts to be determined at trial.

      G.      Defendant to make whole John Doe by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional pain and suffering, inconvenience, and humiliation, in amounts to be determined at trial.

      H.      Order Defendant to pay punitive damages for its malicious and reckless conduct, as described in above, in amounts to be determined at trial.

      I.      Grant such further relief as the Court deems necessary and proper in the public interest.

      J.      Award the Commission its costs of this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

**James L. Lee**
Deputy General Counsel
U.S. Equal Employment Opportunity Commission
No Bar No. Assigned

**Gwendolyn Young Reams**
Associate General Counsel
U.S. Equal Employment Opportunity Commission
No Bar No. Assigned

**Rudy L. Sustaita**
Regional Attorney
U.S. Equal Employment Opportunity Commission
Houston District Office
1919 Smith Street, 7th Floor
Houston, Texas 77002
Phone: (713) 651-4970
Fax: (713) 651-4995
Texas Bar No. 19523560

**Gregory T. Juge**
Supervisory Trial Attorney
U.S. Equal Employment Opportunity Commission
New Orleans Field Office
Hale Boggs Federal Building
500 Poydras Street, Suite 809
New Orleans, LA 70130
Phone: (504) 676-8239
Fax: (504) 595-2886
Louisiana Bar No. 20890

 /s/ Andrew B. Kingsley
**Andrew B. Kingsley**
Trial Attorney
U.S. Equal Employment Opportunity Commission
New Orleans Field Office
Hale Boggs Federal Building
500 Poydras Street, Suite 809
New Orleans, LA 70130
Phone: (504) 208-8661
Fax: (504) 595-2886
Louisiana Bar No. 35865

COUNSEL FOR U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

**REGISTERED AGENT FOR SERVICE OF PROCESS:**

Johnnie J. Worley
Heart's Desire, LLC
246 Fannin Road
West Monroe, La 71292-8602