UNITED STATES DISTRICT COURT EASTERN
DISTRICT OF LOUISIANA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, § § § PLAINTIFF, § § v. § § HEART'S DESIRE, LLC § § DEFENDANT § | CIVIL ACTION 2:17-cv-9390 JUDGE BROWN MAGISTRATE JUDGE ROBY |

## CONSENT DECREE

### INTRODUCTION

On September 21, 2017, Plaintiff U.S. Equal Employment Opportunity Commission ("Commission" or "EEOC") filed this action against Defendant Heart's Desire, LLC ("Heart's Desire" or "Defendant"), following its determination finding reasonable cause to believe that that the allegations in EEOC Charge No. 461-2014-01619 ("Charge") set forth a valid claim of discrimination. In this action, the EEOC alleged that Heart's Desire discriminated against John Doe (a pseudonym) by discharging him on January 30, 2014, because of his disability in violation of the Americans with Disabilities Act of 1990, as amended ("ADA"). *See* 42 U.S.C. §12101, *et seq*.

Neither this Consent Decree nor the payment to John Doe under this Decree may be construed as an admission of liability by Heart's Desire. In the interest of avoiding the costs and burdens of further litigation and, having engaged in extensive negotiation, the parties hereby agree that this action should be resolved through the entry of this Consent Decree.

1

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345, and venue lies in this Court pursuant to 28 U.S.C. § 1391(b)(2). The parties agree that this Court has personal jurisdiction over them. Heart's Desire expressly agrees that all conditions precedent under the law have been met.

The parties waive a hearing and the entry of findings of fact and conclusions of law.

Having examined the terms and conditions of this Consent Decree, the Court determines that it is reasonable, just, and in accordance with the law, including the Federal Rules of Civil Procedure and the ADA.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:

<u>DURATION</u>

1. The duration of this Consent Decree is 3 years commencing on the entry of the Decree.

<u>GENERAL</u>

2. This Decree resolves all issues raised in the Charge referenced above and the EEOC's related Letter of Determination ("Determination"), and it resolves all issues in the Complaint filed by the EEOC in this civil action. The EEOC waives any further claims and/or litigation on all issues raised in the above-referenced Charge, Determination and Complaint. This Decree in no way affects the EEOC's right to process and/or litigate charges against Heart's Desire other than the above referenced Charge.

3. The EEOC and Heart's Desire must bear their own attorneys' fees and costs incurred in connection with this action.

4. This Court retains jurisdiction to enforce the terms and conditions of, or resolve any disputes arising under, this Decree.

5. **Completeness.** This Consent Decree constitutes the complete understanding between the EEOC and Heart's Desire with regard to the matters discussed herein.

6. **Severability.** If one or more provisions of this Consent Decree are rendered unlawful or unenforceable, the parties must attempt to meet and confer in good faith to agree on if and how such a provision must be amended to effectuate its purposes of the Decree. In any event, the unaffected provisions of the Decree will remain enforceable.

7. **Modifications.** The EEOC and Heart's Desire agree to take all steps necessary to effectuate the terms and conditions of this Consent Decree. The Court may only amend this Decree if the parties have consented in writing or if it is in the interest of fairness and justice to achieve the objectives of the Decree. A party seeking to amend the Decree must attempt to meet and confer with the other in good faith before making a request that the Court amend the Decree.

8. **Definitions.**

   A. "Defendant" and "Heart's Desire" mean and refers to Defendant Heart's Desire, LLC and its predecessors, successors and assigns, and agents.

   B. "Commission" or "EEOC" means the U.S. Equal Employment Opportunity Commission, an agency of the United States.

   C. "Charge" means EEOC Charge No. 461-2014-01619.

   D. "John Doe" is a pseudonym for the individual who filed the Charge.

   E. "Days" means all calendar, not business, days.

   F. "Effective date" means the date on which this Decree is entered by the Court.

G. "Court" refers to the United States District Court for the Eastern District of Louisiana.

H. "Consent Decree" and "Decree" are used interchangeably.

I. "Liaison" means the representative appointed by Heart's Desire to ensure its compliance with the terms and conditions of this Decree and to act on its behalf and with its authority with respect to any and all of its obligations under the Decree.

## GEOGRAPHIC SCOPE

9. This Decree applies to all facilities owned, operated, or controlled by Heart's Desire.

## PROHIBITED DISCRIMINATION AND RETALIATION

10. During the operation of this Consent Decree, Heart's Desire is hereby enjoined from any present or future conduct violating the ADA, including but not limited to:

A. Failing or refusing to make a reasonable accommodation to an otherwise qualified employee or applicant under the ADA—including, by failing to engage in an interactive process—when Heart's Desire knows or has reason to know that the employee or applicant has a disability or a record of having a disability.

B. Discriminating against an otherwise qualified employee or applicant because that employee or applicant has a disability or a record of having a disability or because Heart's Desire regards that employee or applicant as having a disability.

C. Discriminating against an otherwise qualified employee or applicant because that Heart's Desire knows or has reason to know that the employee or applicant needs or might need a reasonable accommodation.

    D. Failing or refusing to allow an employee or applicant—or an employee's or applicant's licensed health care provider—to provide medical evidence relating to whether the employee or applicant is qualified.

    E. Failing or refusing to consider any medical evidence provided by an employee or applicant—or an employee's or applicant's licensed health care provider—when considering whether an employee or applicant is qualified.

    F. Determining that an employee or applicant is not qualified because of a physical or mental impairment without considering medical evidence from any licensed health care provider.

    G. Determining that an employee or applicant is not qualified only because the employee's or applicant's results from a non-dispositive drug screening test were positive.

    H. Retaliating against any employee or applicant who (1) has filed or files this or any other charge of discrimination with the EEOC, (2) has participated or participates in this or any other investigation or litigation by the EEOC, (3) has assisted or assists with this or any other investigation or litigation by the EEOC, (4) has sought or seeks relief or damages as a result of this or any other investigation or litigation by the EEOC, or (5) has received or receives relief or damages as a result of this or any other investigation or litigation by the EEOC.

11. Heart's Desire hereby admits and expressly acknowledges:

    A. John Doe filed his charge of discrimination before Heart's Desire filed its petition in bankruptcy court. *See In re Heart's Desire, LLC*, No. 15-30327 (Bankr. W.D. La.).

    B. Despite being aware of John Doe's charge of discrimination, Heart's Desire never disclosed John Doe's charge of discrimination in bankruptcy court. *See id.*

  C. Heart's Desire never disclosed John Doe or the EEOC as a creditor in bankruptcy court. *See id.*

  D. Prior to July 3, 2017, Heart's Desire never provided notice to John Doe or the EEOC that it had filed a petition in bankruptcy court. *See id.*

  E. Prior to July 3, 2017, Heart's Desire never provided notice to John Doe or the EEOC of any confirmed plan in bankruptcy court. *See id.*

## MONETARY RELIEF

12. Heart's Desire agrees to pay John Doe $10,000, by check, on the following schedule:

  A. $1,200 within 30 days of the entry of this Consent Decree or Heart's Desire's receipt of a release executed by John Doe, whichever is later.

  B. $1,100 within 60 days of the entry of this Consent Decree or receipt by Heart's Desire of a release executed by John Doe, whichever is later.

  C. $1,100 within 90 days of the entry of this Consent Decree or receipt by Heart's Desire of a release executed by John Doe, whichever is later.

  D. $1,100 within 120 days of the entry of this Consent Decree or receipt by Heart's Desire of a release executed by John Doe, whichever is later.

  E. $1,100 within 150 days of the entry of this Consent Decree or receipt by Heart's Desire of a release executed by John Doe, whichever is later.

  F. $1,100 within 180 days of the entry of this Consent Decree or receipt by Heart's Desire of a release executed by John Doe, whichever is later.

  G. $1,100 within 210 days of the entry of this Consent Decree or receipt by Heart's Desire of a release executed by John Doe, whichever is later.

  H. $1,100 within 240 days of the entry of this Consent Decree or receipt by

Heart's Desire of a release executed by John Doe, whichever is later.

I.  $1,100 within 270 days of the entry of this Consent Decree or receipt by Heart's Desire of a release executed by John Doe, whichever is later.

13. Heart's Desire further agrees to submit a copy of all such checks to the EEOC in the manner specified for notice under this Decree.

14. Heart's Desire agrees and expressly acknowledges that, should it fail to timely pay John Doe, by check, any sum under Paragraph 12 or should it fail to timely provide a copy of such a check to the EEOC, all unpaid sums under Paragraph 12 will become due and owing immediately. Heart's Desire agrees and expressly acknowledges that, should it fail to pay those unpaid sums within 7 days, this Court may—on the EEOC's or its own motion—reduce those unpaid sums to an immediately-enforceable judgment against Heart's Desire. In that event, Heart's Desire agrees not to oppose in any manner the EEOC's collection and/or execution of such judgment.  In the event collection of the judgment becomes necessary, Heart's Desire hereby agrees that it will promptly and voluntarily provide EEOC with all requested information—such as bank account numbers, assets descriptions, etc.—to facilitate collection and/or execution of the judgment through garnishments, liens, attachments, etc.  Heart's Desire agrees that if the EEOC is forced to undertake efforts to collect and/or execute on a judgment to obtain the relief hereby agreed to, and in the event Heart's Desire opposes said collection and/or execution efforts in any way, then Heart's Desire agrees that it shall be liable for $5,000 in additional damages. Heart's Desire agrees that these additional damages shall, in these circumstances, automatically be incorporated in the judgment against it.

## NON -MONETARY RELIEF

15. Heart's Desire must provide John Doe with the written job recommendation—attached hereto as Exhibit B—within 30 days of the entry of this decree.

16. When called by potential employers of John Doe for a job reference, Heart's Desire must not discuss, mention, or allude to the charge of discrimination John Doe filed with the EEOC, the allegations contained therein, the investigation by the EEOC of that charge, or this action.

17. Heart's Desire must exclude from John Doe' personnel file, segregate, and keep confidential all documents, records, and information, whether electronic or otherwise, regarding his charge of discrimination filed with the EEOC, the allegations contained therein, the investigation by the EEOC of that charge, all disciplinary actions, and this action. Heart's Desire must alter John Doe's personnel file to indicate John Doe resigned, not that he was terminated.

## LIAISON

18. Heart's Desire must designate a Liaison within 10 days of the entry of this Decree. The Liaison must be an officer or high-level management official of Heart's Desire who possesses the knowledge, capability, and resources to monitor Heart's Desire's compliance with the terms and conditions of the Consent Decree. Heart's Desire must assign to the Liaison the responsibility of ensuring it complies with the Decree. The Liaison must have the authority to act on behalf of Heart's Desire with regard to the Consent Decree. Any act or failure to act by the Liaison will be attributable to Heart's Desire. The Liaison must report to and be supervised by the president—or equivalent—of Heart's Desire. Heart's Desire must appoint a replacement Liaison within 10 days of the removal, resignation, or incapacitation of that—or any subsequent—Liaison.

19. Upon appointing an initial or replacement Liaison, Heart's Desire must provide notice to the EEOC within 10 days identifying the newly appointed Liaison's name, mailing address, e-mail address, telephone number, job title, work experience, education and training.

20. During the operation of this Consent Decree, Heart's Desire shall, through its Liaison, provide a General Report annually. The General Report must describe how Heart's Desire

has complied with the Decree and contain supporting evidence. If Heart's Desire has failed to comply with the terms and conditions of the Decree, it must explain why it has not complied and provide a plan for remedying its failure to comply. But, by explaining why it has not complied, Heart's Desire does not prevent the EEOC from moving to enforce the Decree for its failure to comply. The first General Report is due 120 days from the entry of the Decree. Subsequent General Reports are due 120 days prior to the anniversary of the entry of the Decree.

## DISCRIMINATION PREVENTION MEASURES

21.     **Liaison Training.** In addition to other specified training obligations set forth in this Decree, Heart's Desire must provide each Liaison with at least one hour of training, which shall cover the terms and conditions of this Decree and on how to ensure that Heart's Desire complies with those terms and conditions, and on how to prepare and submit each of the reports required under this Decree. Heart's Desire, through its Liaison, must submit to the EEOC the identity of the trainer and the outline and materials for the training at least thirty days after the Liaison is appointed. It must do so pursuant to procedures for providing notice under this Decree. The EEOC then has 15 days to reject the trainer or the outline and materials. If the EEOC rejects the trainer or the outlines and materials, Heart's Desire, through its Liaison, must submit to the EEOC the identity of a new trainer or a new outline and materials within 15 days, pursuant to procedures for providing notice under this Decree. Liaison training must take place no later than thirty days following (a) the expiration of the period by which the EEOC must reject the trainer, outline, or materials; or (b) the EEOC's approval of the proposed trainer, outline, and materials, whichever occurs first.

Within 15 days following the completed Liaison training, Heart's Desire, through its Liaison, must submit a Liaison Training Report to the EEOC, describing the training and containing supporting documentation. The Liaison Training Report must, at very least, provide

the date and time of each training, the duration of each training, the identity of the trainer for each training, and the identity of any Liaison who attended each training. The Liaison Training Report must further contain an executed declaration by the Liaison that the Liaison attended the training. Any Liaison Training Report must likewise include a declaration by Heart's Desire, through its Liaison, attesting to its accuracy.

22.     **Employee Training.** Heart's Desire, through its Liaison, must provide each of its employees, including supervisors, at least once per year while this Consent Decree is in effect, at least one hour training regarding equal opportunity in the workplace, the avoidance of any unlawful discrimination, and employees' rights under the ADA. Each training session hereunder must provide training regarding:

   A.   Heart's Desire's duties under the ADA.

   B.   Heart's Desire's procedures for granting or denying a request for a reasonable accommodation.

   C.   EEOC guidance on ADA and its administration.

All such training must be in person. Further, the first employee training must occur within 150 days after Heart's Desire completes its Liaison training. Subsequent training must occur 120 days prior to the anniversary of the entry of the Consent Decree.

Heart's Desire, through its Liaison, must submit to the EEOC, using the procedures for providing notice under this Decree, the identity of the trainer and the outline and materials for the training at least 60 days prior to each training. The EEOC then has 30 days to reject the trainer or the outline and materials. If the EEOC rejects the trainer, outlines, or materials within the thirty-day period, Heart's Desire, through its Liaison, must submit to the EEOC the identity of a new trainer or a new outline and materials within 15 days. The EEOC's failure to reject the trainer, materials, or outline within the 30-day period shall be deemed as an acceptance of the trainer,

outline, and materials.

Heart's Desire, through its Liaison, must submit an Employee Training Report to the EEOC, describing the training and containing supporting documentation, within 15 days of each such training. The Employee Training Report must, at very least, provide the date and time of each training, the duration of each training, the identity of the trainer for each training, and the identity of the employees who attended each training. The Employee Training Report must further contain an executed declaration by each employee that they attended the training (such a declaration may be in the form of a sign-in registry). The Employee Training Report must likewise include a declaration by Heart's Desire, through its Liaison, attesting to its accuracy.

## ANTI-DISCRIMINATION POLICY

23. Within 90 days from the entry of this Decree, and to the extent it does not otherwise have such a policy, Heart's Desire must adopt an anti-discrimination policy that, at a minimum, meets the following criteria:

    A. Prohibits discrimination against any employee, including but not limited to those on the basis of disability in violation of the ADA.

    B. Prohibits any act, policy, or practice that has the effect of discriminating against any employee on the basis of disability in violation of the ADA.

    C. Provides immediate notice in writing to any employee who reports discrimination and any employee reported to be the victim of discrimination of the victim's right to file a charge of discrimination with the EEOC and provides such an employee with the telephone number, address, e-mail address, and website address of the EEOC.

During the operation of this Decree, the General Report to the EEOC must describe the implementation of (and, if necessary, any subsequent alteration of) its anti- discrimination policy

11

and must contain supporting documentation, including the anti- discrimination policy itself. Further, during the operation of this Decree, the General Report to the EEOC must describe any complaint or investigation made under the anti- discrimination policy, any violation found as a result of such a report or investigation, and any discipline taken and must likewise provide supporting documentation.

## RECORD KEEPING

24. During the operation of this Decree, Heart's Desire must preserve and maintain all documents, information, and records, electronic or otherwise, that might be relevant to this action, regardless of whether they are discoverable or admissible in this action.

25. During the operation of this Decree, Heart's Desire must preserve and maintain all documents, information, and records, electronic or otherwise, that might be relevant to this Decree, including any reports made pursuant to the Decree, regardless of whether they are discoverable or admissible in this action.

26. Heart's Desire must comply with the recordkeeping and reporting requirements under federal law, including those contained in Title VII and in the regulations promulgated by the EEOC. The express recordkeeping and reporting obligations imposed by this this Decree do not constitute any waiver or obviation of the recordkeeping and reporting requirements imposed by federal law.

## NOTICES, REPORTS, AND INFORMATION

27. All notices, reports, and information required under this Decree—including but not limited to the General Reports, Liaison Training Reports and Employee Training Reports—must be submitted to the EEOC, via certified United States mail, to the following address:

> Attn: Legal Unit
> U.S. Equal Employment Opportunity Commission
> New Orleans Field Office

    Hale Boggs Federal Building 500
    Poydras St., Suite 809 New
    Orleans, LA 70130

  Or, alternatively, via email to the following addresses:

    andrew.kingsley@eeoc.gov
    gregory.juge@eeoc.gov

  Only an acknowledgment from the EEOC via regular U.S. mail or email constitutes proof of receipt of such notices, reports, or information. The EEOC may, from time to time, designate others to receive notices, reports, and information under this Decree.

MISCELLANEOUS

  28. Heart's Desire must post a Notice to Employees—attached hereto as Exhibit A—on its premises within 10 days of the entry of this Decree. The Notice to Employees must be enlarged to at least eleven by seventeen inches, and it must be posted conspicuously where other notices to applicants and employees are customarily posted. It must remain there for at least two years from the entry of this Decree. The Liaison must ensure that this obligation is met.

  Signed this \_\_\_31st\_\_\_ day of \_\_\_October\_\_\_, 2017, in New Orleans, Louisiana.

              *Nannette Jolivette Brown*
              _____
              HON. NANNETTE JOLIVETTE BROWN
              UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

**NOTICE TO EMPLOYEES**

1. Discrimination against an employee on the basis of disability can violate federal law, specifically the Americans with Disabilities Act, as amended (ADA). Federal law prohibits an employer from discriminating against an employee on the basis of disability and also requires that an employer maintain an environment in which other employees do not discriminate on such basis. Federal law further prohibits an employer from retaliating against an employee who, in good faith, reports that their employer discriminated on such basis, who reports that their employer allowed others to discriminate on such basis, who files a charge of discrimination with the U.S. Equal Employment Opportunity Commission (EEOC), or who participates in the investigation or prosecution of such a charge.

2. Heart's Desire, LLC will not tolerate discrimination on the basis of disability and likewise will not tolerate retaliation against any employee for reporting such discrimination. Such discrimination can violate both federal law and Heart's Desire, LLC's anti-discrimination policy. Any employee who violates the law and policy will be subject to substantial discipline, up to and including termination.

3. The posting of this Notice to Employees by Heart's Desire, LLC does not constitute an admission of any liability under federal law.

**If you believe you or another employee have been discriminated against on the basis of your disability, please contact the EEOC:**

>Attn: Andrew Kingsley
>U.S. Equal Employment Opportunity Commission 500
>Poydras Street, Suite 809
>New Orleans, LA 70130
>Telephone: 504-595-2879
>E-mail: andrew.kingsley@eeoc.gov
>Website: www.eeoc.gov

You may also report your concerns using the procedures set forth in Heart's Desire, LLC's policy against discrimination.

**This Notice to Employees must remain posted continuously by Heart's Desire, LLC for three years from the date below. This Notice to Employees must not be altered, defaced, removed, or covered.**

This _____day of_____ , 2017.

**EXHIBIT B**

**REFERENCE LETTER**

To Whom It May Concern:

[John Doe] was employed with Heart's Desire as a direct care worker from September 2013 until January 30, 2014. He satisfactorily performed his job duties and, consequently, Heart's Desire recommends him for similar positions in the future.

Sincerely,

[Representative of Heart's Desire, LLC]